## KENNEDY v. RICE.

1. In debt on *sci. fa.* against bail, the bail will be permitted to shew by plea, that the plaintiff did not comply with the requirements of the statutes before demanding bail.
2. Bail will not be allowed to dispute the cause of action, or the truth of the affidavit filed by the plaintiff as a pre-requisite to the demand for bail.
3. The act of the 1st February, 1839, abolishing imprisonment for debt, does not authorize the discharge of a debtor then in actual or constructive custody.
4. Bail, notwithstanding this act, is liable for the debt on the return of *non est inventus* to a *ca. sa.* properly sued out; and are authorized to arrest and surrender their principal in discharge of themselves in the same manner as before the act.
5. If a *ca. sa.* since the statute, is sued out without the necessary affidavit. *Quere*—whether the bail may not plead the omission in bar of the *sci fa.*

Writ of error to the Circuit Court of Lowndes County.

*Scire facias* on a bail bond executed 10th April, 1837. *Ca. sa.* issued against the principal 29th August, 1838, and returned *non est inventus.* *Sci. fa.* issued 18th March, 1839, to which

defendant pleaded in bar, that the affidavit (required by the statute of 1823, (Dig. 50) to authorize an arrest in any civil case) was made on the 28th March, 1837, as of a debt then due, when in fact, the debt sued on, was not due until the 1st of April of the same year. An informal replication to the plea is found in the record, and judgment for damages was rendered in favor of the defendant. The plaintiff prosecutes this writ of error.

The record being informal, the parties agreed that the case should be considerered as presenting the following questions:

1st. Is the plea pleaded, a bar to the *scire facias?*

2d. Is the bail entitled to have an *execution* entered on the bail bond?

DARGAN, for the plaintiff in error.

COOK, contra.

GOLDTHWAITE, J.—1. The case of Toulmin vs. Bennet, et. al. (3 S. & P. Rep. 221,) is conclusive to show, that in this State, the bail is permitted, by plea, to require proof of those pre-requisites, which alone authorizes the demand for bail. Under the authority of the case cited, the defendant to this *sci. fa.* might deny the existence of the affidavit required by the act of 1823. (Aikin's Dig. 50—Str. 3.)

2. But he cannot be permitted to present an issue involving an inquiry into its truth. This is attempted by the plea filed, for it admits an affidavit was made on the 28th of March, but insists that the debt sued on, was not due until the 1st of April, and thence leaves it to be inferred that the fact of indebtedness is not truly stated.

3. The demurrer to the plea, however, opens an examination into the sufficiency of the *scire facias,* and the defendant insists, that the obligation has been discharged by the statute of the 1st February, 1839, entitled "an act to abolish imprisonment for debt," as he, after its enactment, had no authority to arrest his principal and surrender him in discharge of his bond. If the effect of the statute is such as contended for, the conclusion drawn from it will be irresistible; for it cannot be denied, if the

Kennedy v. Rice.

defendant has no legal authority to seize the body of his principal to render him on the *ca. sa.*, he cannot be answerable for a default in omitting to do so.    The first section of this act declares "That from and after the passage of the same, it shall not be lawful to take the body of any person in custody to answer for a civil demand, except in cases of fraud, as hereafter prescribed." The second section then declares, " That if a plaintiff or his agent shall make oath before any person authorized to administer the same, of the amount of indebtedness of any one to such plaintiff, and that such debtor is about to abscond, or such debtor has fraudulently conveyed, or is about fraudulently conveying his estate or effects, or such person has monies liable to satisfy his debts, which he fraudulently withholds, then in that case it shall be lawful to arrest the body of such debtor, either by bail process, *capias ad satisfaciendum*, or other process to arrest the body, known to the law; but in case the debtor thus arrested, shall make oath before any person authorized to administer the same, that the particular ground upon which he is arrested is untrue, and that he has neither estate, effects, or monies, whereby to satisfy the debt, or liable for the same, then he shall be released by the arresting officer immediately."

We entertain no doubt of the constitutional capacity of the legislature, to direct the discharge of any person confined, whether on mesne or final process, for the *power* to imprison the body of the debtor is not nor can be, a part of any contract with the creditor; therefore, no contract would be impaired by such an enactment.    But we think the language of this statute does not authorize such a construction as to warrant the discharge of any debtor held in custody at the time of its passage.    Independent of the title, there is nothing in the terms of the act which leads us to suppose that such was the intention of the legislature. Imprisonment is yet expressly authorized under certain circumstances, and if the intention was to abolish it as to persons then in confinement, it is impossible to suppose that words more apt than those used, would not have been found to express such an intention.

Kennedy v. Rice.

As the act does not warrant the discharge of a debtor in actual confinement, it cannot be said to extend to the case of a debtor discharged on bail. Such a person is still in custody, not it is true, of the executive officer of the law, but in that of his friend, who has stipulated to render him whenever his creditor shall require his body in satisfaction of his demand. He has only exchanged one custody for another, and may be rendered at any time in discharge of his bail. When so rendered, he is in the same condition as when first arrested: his custodian alone is changed. As the statute does not extend to the case of a debtor imprisoned on final process, so neither does it reach the case of imprisonment on mesne process; and in both cases is the law unchanged. It has been supposed in the argument, that as no *ca. sa.* can now issue without the oath required by the second section, the bail could not legally arrest his principal, to render him in discharge of the bond. The fault of this argument is, in supposing the debtor is out of the custody of his bail at any time; when, in point of law, the custody continues to all time and extends to all places, until divested by the surrender of the debtor to the executive officer of the laws, or unless deferred by his arrest for some crime or misdemeanor.

We arrive then at the conclusion, that the act to abolish imprisonment for debt, does not take from the bail the right to surrender his principal in discharge of the bail bond; and therefore, its efficiency has not been impaired by the statute, so far as relates to obligations then in existence; and as no objection is urged to the form or substance of this *sci. fa.* it must be considered as good on demurrer.

This view also necessarily disposes of the question raised as to the right of the bail to have an *exoneretur* entered on the bail bond, which cannot be allowed; as whenever a *ca. sa.* shall be issued after a compliance with the second section of the statute, the right of the plaintiff to recover will be vested, if the defendant in execution is not surrendered.

As the *sci. fa.* recites the issuance of a *ca. sa.* we are constrained to infer, in the absence of any plea shewing that the

oath required by the statute was not taken, that it was regularly issued: if otherwise, the defendant will be enabled, in the exercise of the discretion of the Court below, to interpose this defence, if available to him.

Let the judgment be reversed, and the case remanded.