## O'BRIEN AND DEVINE, EX'RS v. LEWIS.

1. To authorise a *ca. sa.* to be issued, the affidavit which the act of 1839 requires to be made, must be made, although the defendant was held to bail previous to the passage of that act.
2. If no such affidavit is made, the bail may take advantage of it by plea to the *scire facias*, to subject them to the payment of the judgment.

Appeal from the Circuit Court of Mobile.

*Scire facias* by the defendant in error, to subject the plaintiffs in error, as executors of one Young, to satisfaction of a judgment, as the bail of one John T. Burton. Pleas *nul tiel record*, and a special plea, that the *ca. sa.* which issued against Burton, and was returned *non est inventus*, was issued without the affidavit being made, which the act of 1839 requires. To this plea the plaintiff demurred, and the Court sustained the demurrer; and having found the issue on the plea of *nul tiel record*, against the defendant, rendered judgment, for the amount of the judgment against Burton, interest, and costs.

The errors assigned, are, the judgment upon the demurrer, and the rendition of a judgment for interest and damages, upon the original judgment.

J. A. CAMPBELL, for plaintiff in error, argued, that there could be no valid arrest, without the affidavit which the statute requires, and therefore the *ca. sa.* was insufficient. That any objection which the defendant to the judgment could make, is open to the bail. [1 McLean, 528 ; 2 Ib. 322 ; 7 Mon. 130 ; 9 Peters, 329; 4 Dana, 452 ; 15 Vermont, 502 ; 14 Id. 306; 2 Strange, 993 ; 2 Mass. 481; 13 Id. 93 ; 1 H. B. 74 ; 9 Porter, 208 ; 3 S. & P. 225.]

The recovery is too large. The "condemnation money," does not mean interest subsequent to the condemnation. [Doug. 316 ; 6 East, 312 ; 11 East, 316 ; Petersdorf on Bail, 214, § 3.]

There can be no damages on a *sci. fa.* [1 Salk. 208 ; 2 Strange, 807 ; Burr. 1791.]

O'Brien and Devine, ex'rs v. Lewis.

STEWART and DARGAN, contra, contended, that the statute did not contain any clause discharging those from arrest, who were in custody when the law passed. That from the principles decided in the case of Kennedy v. Rice, 1 Ala. 11, it was clear, that the party was under arrest when the law passed, being in custody of his bail; and as *they* could have delivered him into close custody, without affidavit, the creditor may also.

But if an affidavit was necessary to make the *ca. sa.* regular, the want of it was a mere irregularity, which the bail cannot take advantage of. [2 Sellon's P. 46; 16 Johns. 117; 3 Conn. —; 2 Ld. Raym. 1096; Viner's Ab. 507; 2 Com. Dig. 58.] To show that the *ca. sa.* was not void, but voidable, they cited 5 Howard, 253; 13 Peters, 15; 13 John. 549; 2 Binney, 40.

In England, judgments do not carry interest; here they do, and a *scire facias* carries costs.

ORMOND, J.—The bail bond in this case, was executed previous to the passage of the act of 1st February, 1839, to abolish imprisonment for debt. This statute received a construction by this Court, in the case of Kennedy v. Rice, 1 Ala. 11, where it was held, that it did not preclude the bail from surrendering their principal in discharge of the condition of their bond, because the act was not intended as a discharge to persons then in actual confinement, and that the defendant was in custody of the bail.

This decision, it is insisted, is conclusive of this case, as it is argued, that the right of the bail to deliver up his principal to close confinement, is derived from right of the creditor, and when it is shown that the bail may do this without an affidavit, it follows that the creditor may do so in like manner. The right of the bail to deliver up his principal, flows from his undertaking to pay the debt, or deliver the person of the debtor in its discharge. This obligation makes him the custodian of the person of the debtor, and by consequence confers on him the right of substituting the common jail, for his own personal custody. The right of the creditor to imprison his debtor, is derived from the law, and as the right to imprison is merely a remedy for the collection of the debt, doubtless it may be modified, altered, or abridged, at the pleasure of the Legislature; and if the remedy is sought by the creditor, he must seek it in the mode pointed out by law.

The act, as we have seen, did not apply to, or discharge those persons who were in actual confinement at the time of its passage, but that principle does not apply to those who were constructively in confinement, but in fact were at large upon bail. The whole scope and design of the act forbids such an interpretation. The design was to prevent actual, and not constructive imprisonments, and to accomplish this it was declared "not to be lawful, to take the body of any person in custody to answer for a civil demand." We think therefore, that the plaintiff could not, after the passage of the act, arrest the debtor, but in the mode pointed out by the act.

We proceed to the enquiry, whether the bail can take advantage of the want of the necessary affidavit to authorize the *ca. sa.* to issue.

In Toulmin v. Bennett & Laidlaw, 3 S. & P. 225, and in Wood v. Yonge, 9 Porter, 208, this Court held, that it was competent for the bail to shew by plea, in answer to the *scire facias*, that the plaintiff had not given the security for costs, which the law required as a condition, upon which bail was to be demanded, and we think the principle of those decisions apply to this case. The defendant could not have been rightfully arrested on the *ca. sa.* which issued in this case, and therefore the bail, as in the cases cited, may take advantage of it by plea. Indeed, this case appears to be much stronger than the cases above cited, because here, there has been no implied admission, or waiver of the debtor, who never has been, and could not be rightfully taken uner the *ca. sa :* and as it could not have been effectual against the debtor, advantage may be taken of it by the bail. (See the authorities cited on the brief of the counsel for the plaintiff in error.)

Let the judgment be reversed, and the cause remanded.